**ESTATE OF Douglas L. MANSHIP, et al.,**

v.

**UNITED STATES of America.**

**Civil Action No. 04–C–91–M2.**

United States District Court,
M.D. Louisiana.

June 8, 2006.

Leon Gary, Jr., Brandon Kelly Black, Charles A. Landry, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, Miriam Wogan Henry, Jones, Walker, New Orleans, LA, for Plaintiff.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, Frank M. Dale, Jr., Henry J. Riordan, John M. Bilheimer, U.S. Department of Justice—Tax Division, Washington, DC, for Defendant.

### *RULING AND ORDER*

NOLAND, United States Magistrate Judge.

This matter is before the Court on the Motion for Reconsideration, or in the Alternative, Motion for Clarification of Award of Attorney's Fees filed by the plaintiffs, Estate of Douglas L. Manship, deceased; David C.

Manship; Richard F. Manship; Douglas L. Manship, Jr.; and Dina Manship Planche (collectively "plaintiffs"). (R. Doc. 112). Through this motion, the plaintiffs seek to have the Court reconsider its decision to award attorney's fees and costs to the defendant, United States of America ("United States"), in connection with the Court's April 13, 2006 Ruling (R. Doc. 103) on the United States' Motion to Overrule Plaintiffs' Objections to Subpoena Duces Tecum. In the alternative, plaintiffs seek to have the Court clarify why attorney's fees and costs were awarded. Finally, the plaintiffs seek an extension of the deadline to file an appeal of the Court's ruling granting attorney's fees until ten (10) days after receipt of the Court's ruling on this motion for reconsideration/clarification. The United States has filed an opposition to the plaintiffs' motion. (R. Doc. 138).

### PROCEDURAL BACKGROUND

This motion and the Court's April 13, 2006 Ruling relate to a subpoena duces tecum issued by the United States to Chaffe & Associates, Inc., Investment Bankers ("Chaffe") on May 12, 2005, requesting all documents concerning the valuation reports of the Manship corporations which Chaffe prepared. The plaintiffs did not initially object to the scope of the subpoena issued by the United States. However, when counsel for the United States notified plaintiffs' counsel that he had come upon an arguably privileged document within the documents produced by Chaffe and requested that plaintiffs' counsel review the documents and advise as to whether any of the documents produced by Chaffe were privileged, plaintiffs' counsel advised on August 22, 2005 that certain documents within the Chaffe production were subject to the work product doctrine and attorney client privilege and listed them on a privilege log. Plaintiffs' counsel also requested, at that point, that the documents listed on the privilege log be returned by the United States.

The United States replied to plaintiffs' counsel's August 22, 2005 correspondence, indicating that it was unable to determine why the plaintiffs claimed any of the documents listed in the privilege log were privileged and further explaining that none of the documents should be considered privileged because the experts for the United States are entitled to review the same documents as those reviewed by plaintiffs' Chaffe experts. The United States also asked that the plaintiffs advise as to how the privileges asserted in the privilege log had not been waived. The United States continued to possess all documents produced by Chaffe, but did not review those documents listed in the privilege log as long as plaintiffs' privilege log was not withdrawn because it believed a dispute remained as to whether the listed documents were, in fact, privileged.

On February 28, 2006 and March 1, 2006, counsel for the United States sent emails to plaintiffs' counsel, seeking to discuss the claims of privilege asserted in plaintiffs' privilege log. Counsel for both parties conferred telephonically on March 1, 2006. Although plaintiffs contend that they never told the United States not to review the Chaffe documents during that phone conversation, they admit that they asked the United States to advise about which documents it had concerns and that they would discuss applicable privileges on a document-by-document basis. According to both parties' accounts regarding that phone conversation, the plaintiffs did not withdraw their privilege log at that time.

Later that day, on March 1, 2006, plaintiffs' counsel sent an email to counsel for the United States again indicating that the United States should let plaintiffs' counsel know which documents it would like to use, and plaintiffs would argue on a document-by-document basis whether particular documents were privileged. The next morning, March 2, 2006, the United States' counsel emailed plaintiffs' counsel again explaining the United States' position that all the documents considered by Chaffe were discoverable because any privileges applicable thereto had been waived. The United States once again requested that plaintiffs' counsel explain his position regarding whether or not the documents in question were privileged and whether any privileges had been waived. The United States also specifically requested that the plaintiffs either withdraw their privilege

log that day, or the United States would file a motion with the Court to determine the applicability of any privileges to the documents at issue.

When plaintiffs' counsel did not contact counsel for the United States or withdraw the privilege log on March 2, 2006, the United States filed its Motion to Overrule Plaintiffs' Objections to Subpoena Duces Tecum (R. Doc. 100) on March 3, 2006. Plaintiffs' counsel now informs the Court, in the present motion, that he did not receive the United States' March 2, 2006 email requesting that the plaintiffs withdraw their privilege log until the next day, March 3, 2006, and therefore did not have the opportunity to review and respond to such request prior to the United States filing its motion.

In response to the United States' Motion to Overrule Plaintiffs' Objections to Subpoena Duces Tecum, plaintiffs filed a "non-opposition" on March 24, 2006, wherein they stated the following:

> Plaintiffs attempted to resolve this matter with the Government, so that the parties would not have to burden the Court with yet another discovery motion. Plaintiffs suggested the following procedure to the Government: (1) the Government would advise Plaintiffs [about] the specific documents produced by Chaffe & Associates that the Government desired to utilize; (2) plaintiffs would advise if they had any objections; and (3) if there was any objection, the Court could then decide on a document-by-document basis whether there was any applicable privilege. The Government rejected plaintiffs' proposal, without suggesting an alternative, and filed this motion.

> Plaintiffs did not instruct the Government not to review the documents produced by Chaffe & Associates. The documents were provided to Chaffe & Associates long before this lawsuit was filed in conjunction with the appraisement of the Manship Companies from 1993 to 2000. There has not been a waiver of any privilege.

> Insofar as the Government seeks permission to review the documents produced by

Chaffe & Associates, plaintiffs do not oppose the Government's motion.

(R. Doc. 102).

In the April 13, 2006 Ruling on the United States' motion, the Court found that the plaintiffs had waived any privileges applicable to the Chaffe documents because: (1) they explicitly agreed to allow the opposing party to review the documents at issue; (2) by identifying Chaffe employees as expert witnesses who may testify in this matter, the plaintiffs made all documents "considered" by those Chaffe employees in rendering their valuation opinions discoverable; (3) the plaintiffs failed to timely object to the scope of the documents sought by the United States' subpoena on grounds of privilege; and (4) the requested documents have been "placed at issue" in this litigation and/or the plaintiffs "intend to rely upon" them in support of their case, resulting in a waiver of any privilege applicable to those documents.

In the present motion for reconsideration, plaintiffs contend that the Court's April 13, 2006 Ruling awarding attorney's fees and costs to the United States should be reconsidered and vacated because: (1) the plaintiffs never objected to the subpoena duces tecum directed to Chaffe; (2) they never filed a motion to quash; (3) they never told the United States not to review the documents; (4) they did not oppose the motion; and (5) they merely responded to the "Government's obsession about the Chaffe documents." Plaintiffs claim that they prepared the privilege log at issue "for the purpose of preempting any possible claim that a production of [the documents listed on the log] might constitute a general waiver of the attorney-client privilege or work product protection." They also point out that, in response to the United States' continuing concern that some of the Chaffe documents were privileged, they asked the Untied States to identify the documents about which it had concerns; however, the United States never identified those documents and instead filed a motion seeking an "advisory opinion on whether [it] could review the Chaffe documents."

## ANALYSIS

The present motion for reconsideration is the first time the plaintiffs have argued to the Court that their assertion of privileges related to the Chaffe documents was merely for the "purpose of preempting any possible claim that a production of those documents might constitute a general waiver of all attorney-client privilege[ ] or work product protection." Instead, at the time the Court ruled upon the United States' prior motion, the plaintiffs merely asserted that they had never instructed the United States not to review the Chaffe documents and that any privileges applicable to such documents had *not* been waived. In addition, at the time of that Ruling, the plaintiffs' twenty-one page privilege log concerning the Chaffe documents had not been withdrawn, and the plaintiffs had demanded the return of the documents listed on that privilege log. The plaintiffs had also indicated that they were willing to discuss with the United States, on a document-by-document basis, the privileges applicable to particular Chaffe documents identified by the United States. Thus, while the plaintiffs had not formally objected to the United States' subpoena and review of the Chaffe documents, they were, at the same time, contending that any privileges applicable to those documents, as listed in the privilege log, had not been waived.[1]

Because of what appeared to be an inconsistency in the plaintiffs' position, the Court issued its April 13, 2006 Ruling resolving the dispute between the parties as to whether any privileges applicable to the Chaffe documents had been waived. The issue in the present motion is whether the Court's award of attorney's fees and costs to the United States, in connection with that ruling, was appropriate. Upon further consideration, the Court now finds that such award was inappropriate and should be vacated because the United States' motion was not necessary

for it to review the documents at issue. First, as pointed out in the Court's April 13, 2006 Ruling, plaintiffs failed to timely object within fourteen (14) days of service of the subpoena directed to Chaffe and thereby waived any objections on grounds of privilege. Thus, regardless of whether plaintiffs *claimed* that privileges applicable to the Chaffe documents had not been waived, the United States was permitted to review those documents when the plaintiffs failed to timely object to the subpoena.

Secondly, even though the plaintiffs did not withdraw their privilege log out of a concern that their failure to technically preserve any privileges applicable to the Chaffe documents could later be construed as a general waiver of all attorney-client privilege and work product protection, the plaintiffs never instructed the United States to refrain from reviewing the Chaffe documents. Thus, the United States could have simply reviewed the Chaffe documents, thereby resulting in a waiver of any privileges claimed as to those documents on the basis of voluntary disclosure of confidential information,[2] and did not need a definitive ruling by the Court settling the disagreement between the parties in order to do so.

Finally, even if the United States' motion was necessary to resolve any uncertainty as to whether the United States could review the documents in question (considering the plaintiffs' submission of a privilege log and their continued claims that no privileges had been waived), the Court nevertheless finds that the United States filed its motion before fully attempting to resolve the issue without court intervention. For example, in discussions and correspondence between the parties, the plaintiffs requested that the United States identify the particular Chaffe documents that it intended to use and about which it had concerns so that applicable privileges could be discussed on a document-by-

---

1. In other words, although plaintiffs entitled their responsive brief a "non-opposition," they nevertheless argued within that brief that any privileges applicable to the Chaffe documents had not been waived.

2. *Alldread v. City of Grenada,* 988 F.2d 1425 (5th Cir.1993)(*Voluntary* disclosure of information which is inconsistent with the confidential nature of the attorney-client relationship waives the privilege); *Nguyen v. Excel Corp.,* 197 F.3d 200 (5th Cir.1999)(Disclosure of any significant portion of a confidential communication waives the privilege as to the whole).

document basis; however, at the time the United States filed its motion to overrule plaintiffs' objections, the United States had failed to identify any such documents in an effort at resolving the dispute without court intervention.

Additionally, according to the plaintiffs' present motion, plaintiffs' counsel was unable to review the United States' March 2, 2006 email requesting withdrawal of the privilege log on that date, and the United States' motion was filed the next day before plaintiffs' counsel had the opportunity to review and discuss that email with the United States. Under such circumstances, the Court finds that imposition of a sanction of attorney's fees and costs against the plaintiffs would be unfair. Thus, although the Court's prior ruling of April 13, 2006 concerning the waiver of any privileges applicable to the Chaffe documents still stands, the Court's award of attorney's fees and costs to the United States in that ruling will be vacated.

Accordingly;

**IT IS ORDERED** that the Motion for Reconsideration, or in the Alternative, Motion for Clarification of Award of Attorney's Fees (R. Doc. 112) filed by plaintiffs, Estate of Douglas L. Manship, deceased; David C. Manship; Richard F. Manship; Douglas L. Manship, Jr.; and Dina Manship Planche, is hereby **GRANTED,** and the Court's award of attorney's fees and costs to the United States of America in the April 13, 2006 Ruling (R. Doc. 103) is hereby **VACATED.**

**IT IS FURTHER ORDERED** that the Motion for Extension of the Deadline to Appeal related to the Court's April 13, 2006 Ruling awarding attorney's fees and costs is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that no further action need be taken with respect to Defendant United States' Report Setting Forth its Costs and Attorneys Fees related to Subpoena Issued to Chaffe & Associates (R. Doc. 119) considering the above ruling.